**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**CHARLES ROBINSON RAKESTRAW**                                               **PLAINTIFF**

**v.**                                                      **Civil Action No.: 1:22-cv-00067-MPM-RP**

**CADENCE BANK
AND**                                                                        **DEFENDANTS**
**EQUIFAX INFORMATION SERVICES L.L.C.**

ORDER GRANTING IN PART MOTION FOR ATTORNEYS' FEES AND EXPENSES

This cause comes before the court on the motion for attorneys' fees and costs [34] filed by plaintiff Charles Rakestraw. Plaintiff commenced this lawsuit in 2022 against Cadence Bank pursuant to the Fair Credit Reporting Act ("FCRA").  *See* 15 U.S.C. § 1681.  In August of that same year, Candace Bank made an offer of judgment pursuant to Federal Rule 68, which plaintiff accepted. The clerk's judgment was filed on September 6, 2022, awarding Rakestraw $7,000 [33]. This motion followed, and plaintiff now seeks attorneys' fees and costs totaling $12,782.  For its part, Cadence Bank has opposed this motion and argues that the requested amount of attorneys' fees is unreasonable and should be denied for lack of proper documentation.

STANDARD OF REVIEW

In the offer of judgment accepted by plaintiff, defendant agreed to "pay reasonable attorneys' fees incurred by plaintiff as of the date of this offer." [Exhibit 32-1] Courts in the Fifth Circuit use a two-step process to determine the reasonableness of an award of attorneys' fees. *Combs v. City of Huntington, Texas*, 829 F.3d 388, 391 (5th Cir. 2016) (citing *Jimenez v. Wood Cnty.*, 621 F.3d 372, 379-80 (5th Cir. 2010)).  The first step is for courts to use the lodestar method, a well-established process whereby the number of hours reasonably expended" is "multiplied by

the prevailing hourly rate in the community for similar work." *Hobbs v. Evo, Inc.*, 7 F.4th 241, 259 (5th Cir. 2021) (citing *Combs*, 62 F.3d at 392). This calculation requires the court to exclude all time that is duplicative, excessive, or inadequately documented. *Combs*, 62 F.3d at 392. It is the burden of the party seeking reimbursement to establish the number of hours expended by presenting evidence for such. *See Walker v. City of Mesquite*, 313 F.3d 246, 250 (5th Cir. 2002) ("the plaintiffs are charged with the burden of showing the reasonableness of the hours they bill and, accordingly, are charged with proving that they exercised billing judgment.") (citing *Walker v. United States Dept. of Housing and Urban Development*, 99 F.3d 761, 770 (5th Cir. 1996)).

Second, courts then determine whether the lodestar amount should be increased or decreased based on the following twelve factors:

> (1) the time and labor required for the ligation; (2) the novelty and complication of the issues; (3) the skill required to properly litigate the issue; (4) whether the attorney had to refuse other work to litigate the case; (5) the attorney's customary fee; (6) whether the fee is fixed or contingent; (7) whether the client or case circumstances imposed any time constrains; (8) the amount involved and the results obtained; (9) the experiences, reputation, and ability of the attorneys; (10) whether the case was "undesirable;" (11) the type of attorney-client relationship and whether that relationship was long-standing; and (12) awards made in similar cases.

*Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). While these factors may be helpful in reaching an attorneys' fee award, many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double counted. *Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205 (5th Cir. 1998) ("Many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted."). "[T]he most critical factor" in determining the reasonableness of an attorney's fee award "is the degree of success obtained." *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 491 n. 31 (5th Cir. 2001) (quoting *Farrar v. Hobby*, 506 U.S. 103 (1992)); *see also Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir.

1998). The fee applicant bears the burden of documenting the appropriate hours expended and hourly rates. *La. Power & Light Co. v. Kellstorm*, 50 F.3d 319, 324 (5th Cir. 1995).

<u>ANALYSIS</u>

This court notes at the outset that plaintiff all but concedes the weakness of his proof relating to attorneys' fees, writing in his brief that "[i]f the court grants plaintiff with leave to do so, he will submit a final supplemental request for such fees with the detailed time entries in support." [Brief at 9]. To be clear, *this* motion, and the briefing in support of that motion, was plaintiff's opportunity to submit the required proof in support of his request for attorneys' fees. Plaintiff all but acknowledges that he did not adequately take advantage of this opportunity, nor did he file a reply brief seeking to rebut defendant's quite thorough response in opposition to his request for fees. This court's analysis which follows necessarily takes these facts into account, and it will grant plaintiff fewer benefits of the doubt relating to the amount of fees than it would if he had done a more thorough job of presenting proof and arguments in this regard. In so stating, this court notes that the weaknesses in plaintiff's proof prevent it from applying the relevant legal factors, cited above, in as precise a manner as it would ordinarily be in a position to do. At the same time, it seems clear that plaintiff's counsel did spend a significant amount of time in prosecuting this matter, and, that being the case, it strikes this court as inequitable to deny him fees altogether. This court will therefore not completely deny plaintiff attorneys' fees based upon the sparseness of his proof and briefing.

This court notes that plaintiff is represented by Brian Herrington of Chhabra Gibbs & Herrington, PLLC. The fee request lists three-line items, dividing the total hours spent by plaintiff's attorneys and paralegals as follows:

Brian Herrington ………………………………………. 9.2 hours

- 3 -

Santiago J. Teran[1] ……………………………………… 23.4 hours

Paralegals ……………………………………………... 8 hours

As to these hours, plaintiff requests a rate of $400/hour for Mr. Herrington, $350/hour for Mr. Teran, and $125/hour for his paralegals.  In its brief, defendant takes serious issue with the fees requested for Mr. Teran, writing that:

> Plaintiff likewise fails to explain why Mr. Teran, a lawyer who is not licensed in this state, admitted in this Court, or employed by a Mississippi firm, was the attorney who carried the laboring oar in this matter. Based on Mr. Herrington's declaration, more than half of the 40.6 hours devoted to this case were logged by Mr. Teran. Mr. Teran is believed to be a member of the Florida Bar. Mr. Teran did not move for pro hac vice admission and is not listed as an attorney on the CGH website. During this litigation, Mr. Teran represented himself as being "Of Counsel" at Price Law Group and based in Florida. See Ex. A.
> While local lawyers may from time-to-time associate out-of-state lawyers on matters, that is often done in complex matters. *See, e.g., Jackson Women's Health Org.*, 2019 WL 418550, at *4 (noting Mississippi attorney declared he needed to utilize N.Y. lawyers in abortion case because it "could not have been litigated properly unless the Plaintiffs had also been represented by out- of-state counsel with the expertise, time, and resources to do so"). This case was not complex, and it did not last long. Plaintiff has failed to explain why out-of-state counsel was needed to file a Complaint, prepare initial disclosures, participate in a case management conference, and oversee this FCRA case's four-month lifespan.

[Brief at 9-10].

Once again, plaintiff failed to file a reply brief in response to these arguments, and this court therefore regards them as conceded.  This court further notes that a Texas district court recently rejected a motion to award attorneys' fees to counsel who had not been admitted *pro hac vice*, writing that:

> Without filing a motion for admission *pro hac vice* and the proper supporting documentation, this Court could not generally conclude that Karen A. Davis was ever qualified to practice law here. Courts in the Fifth Circuit have declined to award fees to an attorney not admitted *pro hac vice* to the district in which the case is pending, although the United States Court of Appeals for the Fifth Circuit has not yet taken a definitive stance on the issue. *Gilmore v. Elmwood South, L.L.C.*, Civ. A. No. 13-37, 2015 WL1245770 (E.D. La. Mar. 18, 2015); *Fund for La.'s Future v. La. Bd. of Ethics*,

---

[1] The court notes that Santiago J. Teran ("Mr. Teran") is listed as of counsel on the fee request, but not included as counsel for the plaintiff on any pleadings or filings submitted to the court in this matter. Mr. Teran is a member of the Florida bar.

> Civ. A. No. 14-368 (E.D. La. Sept. 24, 2014), Doc. #52 (rejecting fees by attorney not
> admitted *pro hac vice*); *see also Shapiro v. Paradise Valley Unified Sch. Dist. No. 69*,
> 374 F.3d 857, 862 (9th Cir. 2004) (affirming district court's award of attorney fees only
> from date of attorney's admission *pro hac vice*); *Idaho Sporting Congress, Inc. v.
> Alexander*, 23 Fed. App'x 713, 714 (9th Cir. 2001) ("Failure of ISC counsel to properly
> and timely secure *pro hac vice* admission before the district court was a sufficient reason
> to deny ISC's application for attorney's fees").

*Al Asher & Sons, Inc. v. Foreman Elec. Serv. Co., Inc.*, 2021 WL 7184967, at *3 (W.D. Tex.

Oct. 21, 2021).

In light of the foregoing, this court will deny plaintiff's request to award attorneys' fees

based upon Teran's work, and, having done so, this removes the largest item in his request for

fees. Having so ruled, however, this court will accept plaintiff's assertions relating to the amount

of time spent by Mr. Herrington and his paralegals on this case. While this court agrees with

defendant that there are significant weaknesses in plaintiff's proof regarding this work as well, it

concludes that, by denying the request for Mr. Teran's fees in its entirety, it has severely limited

the amount of attorneys' fees in this case. That being the case, this court concludes that it risks

providing an unreasonably low award of fees if it were to unduly reduce the requested fees

further. This court also believes that the fact that it is striking Teran's fees in their entirety

renders this an atypical attorneys' fees case, and, in recognition of this fact, its analysis will

deviate somewhat from that applicable in more typical cases. In so stating, this court notes that

while multi-part tests may be helpful as guidelines, the overriding objective is to provide for an

overall award of attorneys' fees which is reasonable.

In arriving at an amount of fees which is reasonable, this court notes that, among other

work performed in this case, Herrington wrote a nine-page brief in opposition to defendant's

motion to dismiss, and preparing that brief clearly took a non-trivial amount of time. [Docket

entry 21]. Moreover, it seems clear that plaintiff did have at least some success in this action,

inasmuch as he accepted defendant's $7,000 offer of judgment. As noted previously, "the most critical factor" in determining the reasonableness of an attorney's fee award "is the degree of success obtained," *Giles,* 245 F.3d at 491, and the sparseness of plaintiff's proof does not change the fact that he clearly had some success which was the fruit of a significant amount of legal work. This court therefore does not find defendant's request that it award no fees whatsoever to be reasonable.

In considering the proper amount of attorneys' fees in this case, this court must also make clear its view that any standard which places as its most important factor something as subjective as "the degree of success obtained" is not one which will ever produce a single mathematically correct "answer." This court believes that it is more accurate to state that there is a *range of reasonableness* in the amount of fees which are appropriate in any particular case, and it does not pretend to have any divine insight into a specific "magic number" in this regard. Given the previously-discussed weaknesses in plaintiff's proof, this court will assess a final award of attorneys' fees which, in its view, represents a fee within the lower end of the range of reasonableness. This court will not, however, award an amount of fees which it regards as shockingly low in light of the demonstrable legal work which was performed in this case and the success, modest though it may have been, which plaintiff obtained.

In light of the foregoing, this court will accept the 9.2 and 8-hour amounts cited by plaintiff in support of his fee request for the work of Herrington and his paralegals. This court will, however, reduce the hourly rate of Mr. Herrington to $300/hour since he submitted very sparse proof regarding this issue and did not respond to defendant's arguments that his stated hourly rate of $400 was excessive. This court will reduce the paralegal rate in this case to $85/hour. These attorney and paralegal rates were found to be proper by Judge Davidson in

*Hendrix v. Evergreen Hauling*, 2019 WL 138160, at *2 (N.D. Miss. Jan. 8, 2019), and this court finds them to be appropriate here. These adjustments result in a fee award of $ 2,760 (9.2 hours at $300/hour) for Mr. Herrington's work and $680 (8 hours at $85/hour) for the work performed by paralegals. Plaintiff also seeks $497 in costs. Generally, costs other than attorneys' fees shall be allowed as a matter of course to the prevailing party unless the court otherwise directs, *see* FED. R. CIV. P. 54(D), and this court will allow them here.

In light of the foregoing, it is ordered that plaintiff's motion for attorneys' fees and costs is granted in part and denied in part, and he is hereby awarded a total of $3,937, as more specifically calculated above.

This, the 28th day of March, 2024.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI